# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

       *Plaintiff,*

  vs.

                                         Case No. 18-10062-01-EFM

DESIREE CLARK,

       *Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Desiree Clark's Motion to Reduce Sentence – First Step Act (Doc. 122). She seeks early release from prison due to the COVID-19 pandemic. The government opposes Defendant's motion. For the reasons stated in more detail below, the Court denies Defendant's motion.

## I.       Factual and Procedural Background

On March 4, 2019, Defendant pleaded guilty to distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). On June 6, 2019, Defendant was sentenced to 30 months' imprisonment and four years' supervised release.

Defendant is 42 years old, and she is currently incarcerated at Waseca FCI.  There have been 440 positive cases in the facility in which Defendant is housed, and no inmates have died.[1]  Currently, there are two active inmate cases, five active staff cases, and one pending inmate test.  Defendant's projected release date is June 7, 2021.

On October 19, 2020, Defendant filed a pro se motion seeking early release from prison due to the risk of contracting COVID-19.  She states that due to her underlying health conditions of obesity and hypertension, she is more susceptible to COVID-19 complications.  The Federal Public Defender ("FPD") undertook representation of Defendant and filed a reply on her behalf.  Defendant also states that she is eligible for home detention and RRC placement on March 9, 2021, but due to issues with the RRC facility in Wichita, she may have to remain in prison until her release date in June 2021.  She requests release from prison and a seven-month term of home confinement followed by supervised release.

## II.      Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[2]  It allows defendants to seek early release from prison provided certain conditions are met.  First, "a criminal defendant may file a motion for compassionate release only if: '(1) he has exhausted all administrative rights to appeal the [Bureau of Prisons' ("BOP")] failure to bring a motion on his behalf, or (2) 30 days have passed

---

[1] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited December 7, 2020).

[2] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

since the warden of his facility received his request for the BOP to file a motion on his behalf.' "[3] The administrative exhaustion requirement is jurisdictional and cannot be waived.[4]

Next, if a defendant satisfies the exhaustion requirement, the Court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the Court determines: (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[5] Finally, the Court must ensure that any reduction in the defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[6]

---

[3] *United States v. Boyles*, 2020 WL 1819887, at *2 (D. Kan. 2020) (citing *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A).

[4] *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1116-17 (D. Kan. 2020) (examining the text, context, and historical treatment of § 3582(c)'s subsections to determine that the exhaustion requirement is jurisdictional); *Boyles*, 2020 WL 1819887, at *2 (determining that exhaustion of administrative remedies is a prerequisite for the court's jurisdiction); *cf. United States v. Younger*, 2020 WL 3429490, at *3 (D. Kan. 2020) (reasoning that the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[5] 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

[6] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission's policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

### III.   Analysis

Defendant seeks early release based on the spread of COVID-19 in prison and underlying health conditions that increase her risk of severe complications should she contract the disease. The government asserts that Defendant is not an appropriate candidate for early release.

### A.   Exhaustion

Defendant has satisfied the exhaustion requirement described in § 3582(c).  She requested compassionate release from the Warden which was denied on September 16, 2020.   The government also admits that Defendant meets the exhaustion requirement.  Thus, the Court will proceed and determine the merits of Defendant's motion.

### B.   Extraordinary and Compelling Reasons

Defendant next asserts that her medical conditions of obesity and hypertension,[7] coupled with the outbreak of COVID-19 in prison, constitutes an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A).   One condition, obesity, is listed by the Centers for Disease Control and Prevention ("CDC") as one that is at increased risk for severe illness from COVID-19.[8]   Hypertension is listed as a condition that may be at increased risk.[9] Although the Court is sympathetic to Defendant's concerns and recognizes that Defendant's risk of contracting COVID-19 may be higher due to her underlying health conditions, the mere

---

[7] Defendant asserts that she also has a lump in her right breast that the BOP is not properly treating.

[8] CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited December 7, 2020).  The government concedes that per Department of Justice ("DOJ") policy and CDC guidance, Defendant's medical condition of obesity in the context of the COVID-19 pandemic constitutes an extraordinary and compelling reason.  The government contends, however, that when balanced with the § 3553(a) factors, Defendant fails to demonstrate a situation so severe that release is warranted.

[9] *Id.*

possibility that she may contract COVID-19 and then have severe complications is not an extraordinary and compelling reason. The Court will nevertheless move on to consider the § 3553(a) factors.

**C**.    **Section 3553(a) Factors**

The Court's conclusion that Defendant does not present an extraordinary and compelling reason is bolstered by the consideration of § 3553 factors. Some of these factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentence disparities.[10]

Defendant pleaded guilty to the serious offense of distribution of heroin. The factual basis for her plea involved Defendant selling heroin to an undercover police officer on two separate occasions. The sentencing guideline range was 24 to 30 months based on Defendant's offense level and criminal history score, and the Court sentenced Defendant to 30 months.

At this point, Defendant has served 18 months or approximately 70 percent of her sentence with good time credit. The Court remains convinced, however, that 30 months is the appropriate sentence. Reducing Defendant's sentence to time served would not reflect the seriousness of Defendant's criminal conduct nor provide adequate deterrence or appropriate punishment. Furthermore, as noted above, although Defendant has some underlying medical conditions increasing her chance of COVID-19 complications, there are very few active, positive cases in her facility. Thus, the Court finds that the 30-month sentence originally imposed remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense

---

[10] 18 U.S.C. § 3553(a).

involved.  Accordingly, the Court finds that Defendant does not demonstrate extraordinary and compelling reasons to warrant her early release from prison.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence – First Step Act (Doc. 122) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 8th day of December, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE