# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

       *Plaintiff,*

vs.
                        Case No. 18-10062-01-EFM

DESIREE CLARK,

       *Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Desiree Clark's Motion to Reconsider her Motion to Reduce Sentence (Doc. 128). She seeks the Court's reconsideration of her request for early release from prison due to the COVID-19 pandemic and underlying health conditions that raise the risk of severe complications should she contract COVID-19. The government does not oppose Defendant's motion. For the reasons stated below, the Court grants Defendant's motion.

## I.      Factual and Procedural Background

On March 4, 2019, Defendant pleaded guilty to distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). On June 6, 2019, Defendant was sentenced to 30 months' imprisonment and four years' supervised release.

Defendant is 42 years old, and she is currently incarcerated at Waseca FCI.  There have been 445 positive cases in the facility in which Defendant is housed, and no inmates have died.[1]  Currently, there are eight active inmate cases, two active staff cases, and no pending inmate tests.  Defendant's projected release date is June 7, 2021.  Defendant was approved by the Bureau of Prisons ("BOP") to be released to RRC placement on March 9, 2021, but because Wichita does not have an RRC, Defendant's release is delayed three months.

Defendant filed a pro se motion seeking early release from prison due to the risk of contracting severe COVID-19 complications due to her underlying health conditions of obesity and hypertension.  She also has a potentially cancerous lump in her right breast.  The Federal Public Defender ("FPD") undertook representation of Defendant and filed a reply on her behalf.  She requested release from prison and a seven-month term of home confinement followed by supervised release.

The Court denied her motion.  Defendant is now before the Court seeking reconsideration of her motion.  The government no longer opposes her release and does not oppose her motion for reconsideration.

## II.      Legal Standard

Although the Federal Rules of Criminal Procedure do not specifically provide for motions to reconsider, the Tenth Circuit allows them.[2]  The standards governing them are the same standards that govern civil motions for reconsideration.[3]  The Court can alter its judgment "when

---

[1] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited December 21, 2020).

[2] *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).

[3] *Id.*

the court has misapprehended the facts, a party's position, or the law."[4]   A motion for reconsideration allows the Court to correct clear errors of law or fact or to review newly discovered evidence.[5]

### III.   Analysis

Defendant seeks reconsideration of her motion for early release based on the spread of COVID-19 in prison and underlying health conditions that increase her risk of severe complications should she contract the disease.  The government no longer opposes Defendant's motion.

The Court previously found that Defendant satisfied the exhaustion requirement.  As to Defendant's medical conditions, the government concedes that per Department of Justice ("DOJ") policy and Centers for Disease Control and Prevention ("CDC") guidance, Defendant's medical condition of obesity in the context of the COVID-19 pandemic constitutes an extraordinary and compelling reason.  Furthermore, Defendant asserts, and the government acknowledges, that Defendant has a lump in her right breast which needs further testing to determine whether it is cancerous.  Thus, Defendant establishes an extraordinary and compelling reason.

Finally, the Court must consider whether Defendant's sentence reduction would comply with the sentencing factors enumerated in 18 U.S.C. § 3553(a) "to the extent that they are applicable."[6]  Some of these factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and

---

[4] *Id.* (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

[5] *Id.*

[6] 18 U.S.C. § 3582(c)(1).

protect the public from future crimes by the defendant; and the need to avoid unwarranted sentence disparities.[7]  As previously noted, Defendant pleaded guilty to distribution of heroin, and she was sentenced to 30 months' imprisonment.  Defendant has served approximately 70 percent of her sentence with good time credit.  In addition, she was approved to be released to RRC placement in March but due to Wichita currently not having a facility, she would have to remain imprisoned until June.  Thus, she is eligible to be released from prison in three months, and most of her prison sentence has been served.

In light of Defendant's current medical conditions, the COVID-19 pandemic, and the applicable factors under § 3553(a), the Court finds a sentence of time served is sufficient, but not greater than necessary, to reflect the seriousness of her offense, afford adequate deterrence, and protect the public.  Accordingly, the Court reduces Defendant's sentence of 30 months to time served.  Defendant shall remain subject to her standard term of supervised release of four years, which will begin immediately upon her release.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reconsider her Motion to Reduce Sentence (Doc. 128) is **GRANTED**.  The Court reduces Defendant's sentence to time served.

**IT IS FURTHER ORDERED** that this order is stayed for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release.  The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

---

[7] 18 U.S.C. § 3553(a).

and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made.

**IT IS FURTHER ORDERED** that Defendant's term of supervised release will begin immediately upon her release from the Bureau of Prisons.  All previously imposed terms and conditions of supervised release remain in effect.  During the first fourteen days of her term of supervised release, Defendant shall self-quarantine.

**IT IS SO ORDERED**.

Dated this 21st day of December, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE